IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **U.S. ALUMINUM EXTRUDERS COALITION,**<br><br>and<br><br>**UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION,**<br><br>      **Plaintiffs,**<br><br>    v.<br><br>**UNITED STATES,**<br><br>      **Defendant.** | Before: Hon. _____, Judge<br><br>Court No. 23-00270 |

## COMPLAINT

Plaintiffs the U.S. Aluminum Extruders Coalition ("the Coalition") and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("the USW") (collectively, "Plaintiffs" or "Petitioners"), by and through its attorneys, alleges and states as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiffs bring this complaint to contest certain portions of the U.S. International Trade Commission's (the "Commission") final determination in the antidumping and countervailing duty investigations of aluminum extrusions from China, Colombia, Dominican Republic, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam. The Commission's final determination was published in the Federal Register on November 27, 2023. *Aluminum Extrusions from China,*

1

*Colombia, Dominican Republic, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam*, 88 Fed. Reg. 82,913 (Int'l Trade Comm'n Nov. 27, 2023) ("Prelim. Deter."). *See also Aluminum Extrusions from China, Colombia, Dominican Republic, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam*, Inv. Nos. 701-TA-695-698 and 731-TA-1643-1657, USITC Publication 5477 (Nov. 2023) (Prelim.) ("USITC Pub. 5477"). Specifically, Plaintiffs contest the Commission's determination that imports of aluminum extrusions from the Dominican Republic allegedly sold in the United States at less than fair value are negligible pursuant to its decision to terminate its investigation with regard to imports from the Dominican Republic. Prelim. Deter., 88 Fed. Reg. at 82,913.

## JURISDICTION

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Section 516A(a)(1)(C) of the Tariff Act of 1930, *as amended* ("the Act"), 19 U.S.C. § 1516a(a)(1)(C).

## STANDING

3.      Plaintiff the Coalition is an association, a majority of whose members is composed of manufacturers in the United States of a domestic like product and was a petitioner in the proceeding underlying this complaint. Plaintiff the Coalition is thus an interested party within the meaning of 19 U.S.C. §§ 1561a(f)(3) and 1677(9)(F). Plaintiff the USW is a certified union or recognized union or group of workers which is representative of an industry engaged in the manufacture, production, or wholesale in the United States of a domestic like product and was a petitioner in the proceeding underlying this complaint. Plaintiff the Coalition is thus an interested party within the meaning of 19 U.S.C. §§ 1561a(f)(3) and 1677(9)(D). Accordingly,

Plaintiffs have standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF ACTION

4. Plaintiffs commence this action by filing a Summons concurrently with this Complaint, within 30 days after publication in the Federal Register of the Commission's determination terminating the investigation into imports from the Dominican Republic. Summons (Dec. 20, 2023), ECF No. 1; Prelim. Deter., 88 Fed. Reg. at 82,913. The Summons and Complaint are therefore timely filed pursuant to 19 U.S.C. § 1516a(a)(1) and 28 U.S.C. § 2636(c), and pursuant to Rules 3(a)(3) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

5. The Commission published its notice of institution of investigations into aluminum extrusions from China, Colombia, Dominican Republic, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam on October 13, 2023, following receipt of a petition filed with the Commission and the Department of Commerce ("Commerce") by Petitioners on October 4, 2023. *See Aluminum Extrusions From China, Colombia, Dominican Republic, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam*, 88 Fed. Reg. 71,020 (Int'l Trade Comm'n Oct. 13, 2023) (inst. of antidumping and countervailing duty investigations and scheduling of prelim. phase investigations).

6. On November 27, 2023, the Commission published its preliminary determination on imports of aluminum extrusions from China, Colombia, Dominican Republic, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam. Prelim. Deter., 88 Fed. Reg. at 82,913.

7. The Commission found a reasonable indication that the domestic industry was materially injured by reason of subject imports from China, Colombia, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam that are alleged to be dumped and to be subsidized by the governments of China, Indonesia and Mexico, and it thus made an affirmative preliminary determination with regard to such imports. *See id.*; USITC Pub. 5477 at 1. The Commission also determined that there is a reasonable indication that an industry in the United States is threatened with material injury by reason of imports of aluminum extrusions from Turkey that are alleged to be subsidized by the government of Turkey and thus made an affirmative preliminary determination with regard to such imports. USITC Pub. 5477 at 1. However, the Commission found that imports of aluminum extrusions from the Dominican Republic that are allegedly dumped are negligible pursuant to section 771(24) of the Tariff Act of 1930, as amended ("the Act"), and it therefore decided to terminate its investigation with regard to imports from the Dominican Republic. *Id.*

8. To assess the volume of imports for negligibility purposes, the Commission made extensive adjustments to the import statistics dataset. Specifically, the Commission removed aluminum extrusions it found to be subject to the existing orders on aluminum extrusions from China; added additional in-scope imports reported under Harmonized Tariff Schedule ("HTS") numbers not in the primary dataset but that were submitted in response to Commission questionnaires; removed certain out-of-scope merchandise based on responses to U.S. importers' questionnaire responses; and removed "data compiled from proprietary Census-edited, Customs records using the primary HTS numbers to remove imports reported by firms that certified that they do not import aluminum extrusions." *Id.* at 43 n. 183. The Commission explained that it

4

had to rely on such adjusted official U.S. import statistics data "given the low coverage afforded by importer questionnaire responses" at the preliminary phase.  *Id.* at 43.

9.   While the Commission recognized that unadjusted import statistics showed subject imports from the Dominican Republic <u>not</u> to be negligible during the negligibility period, *id.* at 44 n. 188, it found that its adjusted data were more accurate, and that such adjusted data showed that imports from the Dominican Republic did not surpass the negligibility threshold for purposes of present material injury.  *Id.* at 44.

10.  The Commission stated that these imports would normally be subject to aggregation with other individually negligible imports in other antidumping investigations, but, due to a provision of the Dominican Republic-Central America-United States Free Trade Agreement ("CAFTA-DR") and implementing legislation, the Commission could not aggregate imports from the Dominican Republic with imports from other individually negligible countries.  *Id.* at 45.

11.  Given the standard of review applicable in the preliminary phase of Commission investigations, the Commission considered whether there was any likelihood that different import numbers would arise in the final phase of the investigations showing that subject imports from the Dominican Republic exceeded the negligibility threshold.  *Id.*  The Commission concluded that "no likelihood exists for contrary evidence concerning the level of subject imports from the Dominican Republic to arise in any final phase of these investigations that would make them non-negligible for purposes of present material injury."  *Id.* at 46.

12.  The Commission next assessed whether imports from the Dominican Republic were negligible for purposes of a threat of material injury analysis.  *See id.*  The Commission

found that "subject imports from the Dominican Republic do not have the potential to exceed the 3 percent negligibility threshold in the imminent future." *Id.* at 48.

13. As a result of these findings related to negligibility, the Commission terminated the investigation with respect to imports from the Dominican Republic.

## CLAIMS AND BASES FOR RELIEF

### Count I

14. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 13.

15. The Commission's determination that imports of aluminum extrusions from the Dominican Republic were negligible for purposes of material injury was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in light of the reasonable indication standard set forth in 19 U.S.C. § 1673b(a).

### Count II

16. Petitioner hereby realleges and incorporates by reference paragraphs 1 through 15.

17. The Commission's determination that imports of aluminum extrusions from the Dominican Republic were negligible for purposes of threat of material injury was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in light of the reasonable indication standard set forth in 19 U.S.C. § 1673b(a).

## REQUEST FOR JUDGMENT AND RELIEF

For the reasons stated in this Complaint, Plaintiffs respectfully request that the Court:

1) Hold that the Commission's preliminary determination to terminate the investigation of *Aluminum Extrusions from the Dominican Republic* is unsupported by substantial evidence and other not in accordance with law; and

2) Remand the preliminary determination to the Commission for disposition consistent with the Court's final opinion.

Respectfully submitted,

*/s/ Robert E. DeFrancesco, III*
Robert E. DeFrancesco, III, Esq.
Alan H. Price, Esq.
Laura El-Sabaawi, Esq.

**WILEY REIN LLP**
2050 M Street NW
Washington, DC 20036
(202) 719-7000

*Counsel to the U.S. Aluminum Extruders Coalition and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union*

Dated: December 22, 2023